# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA – CENTRAL DIVISION

| | |
|---|---|
| DREW WILSHIRE-GERDES,<br>    (Plaintiff),<br><br>v.<br><br>KRISTIAN ANDERSON, CRAIG ANDREWS, CHRISTOPHER HOBBS, DALE HIGGINS, SHAWN HOWARD, MARY ROCHE, JEREMY LARSEN, ARIANNA DENHARTOG, JOHN MAYS, LARRY LIPSCOMB, and DANIELLE GOLDEN, in their individual and official capacities; and WILLIAM SPERFSLAGE, and BETH SKINNER, in their official capacities,<br>    (Defendants). | Case no. _____<br><br><br>**COMPLAINT & JURY DEMAND**<br><br><br>RECEIVED<br><br>MAR 1 0 2023<br><br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA |

**COMES NOW** Drew Wilshire-Gerdes who presents the following causes of action, jury demand, and requests for relief:

## I.    INTRODUCTION

1. Plaintiff Drew Wilshire-Gerdes (Gerdes) was on parole in the state of Iowa in 2020 when an allegation was made that he committed a crime. The crime was never substantiated, and Gerdes was never charged or convicted of any crimes relating to the accusation. However, Gerdes' parole was revoked and he was placed in the custody of the Iowa Department of Corrections (IDOC) and is now at Newton Correctional Facility (NCF).

1

2. The defendants have illegally asserted that Gerdes is guilty of the unsubstantiated crime-allegation and in doing so have imposed punishments and unconstitutional restrictions. Specifically, Gerdes has been prohibited from contact with his minor son, and has been denied access to the courts through interference, censorship, and retaliation, due to the defendants unsupported assertion that Gerdes is guilty of committing an unsubstantiated criminal allegation.

## II.    PARTIES

### A. Plaintiffs

3. The plaintiff is Drew Wilshire-Gerdes, and he is currently incarcerated within the Iowa Department of Corrections (IDOC) at Newton Correctional Facility (NCF), 307 S. 60th Avenue W. in Newton, Iowa 50208. Gerdes is a citizen of Iowa, and has a mailing address of P.O. Box 218 in Newton, Iowa 50208.

### B. Defendants

4. Defendant Kristian Anderson (Anderson) is an Administrative Law Judge (ALJ) who, at all times relevant to the matters within this complaint, handled administrative legal matters amongst the incarcerated individual population within Newton Correctional Facility (NCF), which is a facility operated by the Iowa Department of Corrections (IDOC). Anderson is believed to be a

citizen of Iowa. It is believed that his work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

5. Defendant Craig Andrews (Andrews) was, at all times relevant to the matters within this complaint, employed by the IDOC and previously worked as the "Treatment Director" at NCF. Andrews is believed to be a citizen of Iowa. It is believed that his last-known work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

6. Defendant Christopher Hobbs (Hobbs) is employed by the IDOC as a correctional counselor at NCF. Hobbs is believed to be a citizen of Iowa. It is believed that his work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

7. Defendant Dale Higgins (Higgins) is employed by the IDOC as a "Unit Manager" at NCF. Higgins is believed to be a citizen of Iowa. It is believed that his work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

8. Defendant Shawn Howard (Howard) is employed by the IDOC as the "Warden" at NCF. Howard is believed to be a citizen of Iowa. It is believed that his work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

9. Defendant Mary Roche (Roche) is believed to work within the Iowa Office of Victim Services and Restorative Justice. Roche is believed to work with the IDOC, and to be a citizen of Iowa. It is believed that her work address is: 321 E. 12th Street in Des Moines, Iowa 50319.

10. Defendant John Mays (Mays) is employed with the IDOC at NCF with a title of "Unit Manager". Mays is believed to be a citizen of Iowa with a contact address of 307 S. 60th Avenue W. in Newton, Iowa 50208.

11. Defendant Larry Lipscomb (Lipscomb) is employed with the IDOC at NCF with a title of "Assistant Warden". Lipscomb is believed to be a citizen of Iowa with a contact address of 307 S. 60th Avenue W. in Newton, Iowa 50208.

12. Defendant Arianna DenHartog (DenHartog) is employed with the IDOC with a title of "Executive Officer". DenHartog is believed to be a citizen of Iowa, with a contact address of 510 E. 12th Street in Des Moines, Iowa 50319.

13. Defendant Danielle Golden (Golden) is employed with the IDOC at NCF. Golden has a title of "psychologist", and upon information and belief, holds an educational degree in the social work field. Golden is believed to be a citizen of Iowa with a contact address of 307 S. 60th Avenue W. in Newton, Iowa 50208.

4

14. Defendant Beth Skinner (Skinner) is the "Director" of the IDOC and is responsible for its operations. Skinner is believed to be a citizen of Iowa, with a contact address of 510 E. 12th Street in Des Moines, Iowa 50319.

15. Defendant William Sperfslage (Sperfslage) is the "Deputy Director" of the IDOC and is responsible for the construction and implementation of its policies. Sperfslage is believed to be a citizen of Iowa, with a contact address of 510 E. 12th Street in Des Moines, Iowa 50319.

16. Defendant Jeremy Larsen (Larsen) is currently the "Treatment Director" at NCF and handles classification matters. Larsen is believed to be a citizen of Iowa. It is believed that his work address is: 307 S. 60th Avenue W. in Newton, Iowa 50208.

17. All defendants are "persons" for the purposes of 42 U.S.C. §1983.

## III.    JURISDICTION AND VENUE

18. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

19. All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C. §1391(b)(2).

20. All of the claims are brought pursuant to 42 U.S.C. §1983.

## IV.    FACTUAL BACKGROUND

21. Plaintiff Drew Wilshire-Gerdes (Gerdes) is currently 27-years-old and is incarcerated within the Iowa Department of Corrections (IDOC) at Newton Correctional Facility (NCF).

22. In 2013, when Gerdes was 17-years-old, he was charged with a misdemeanor crime by the Iowa District Court for Plymouth County that led him to being required to participate in Sex Offender Treatment Program (SOTP) within the IDOC.

23. Gerdes successfully completed the required SOTP course in 2019.

24. Gerdes was on parole with the state of Iowa in 2020 under the alias "Drew Matthew Moir". While Gerdes was on parole, a defamatory accusation was made against him alleging that he committed a criminal act. As a result of the unsubstantiated accusation, Gerdes' parole status was revoked, and he was placed in the custody of the IDOC.

25. Relating to the crime-allegation, Gerdes was not once questioned by police, was not charged with a public offense, and was not convicted of any crime in relation to the allegation.

## V.  FACTS

26. The plaintiff repleads the preceding paragraphs as if fully set forth herein.

27. While in IDOC custody, defendants Kristian Anderson (Anderson), Craig Andrews (Andrews), Christopher Hobbs (Hobbs), Dale Higgins (Higgins), Shawn Howard (Howard), Jeremy Larsen (Larsen) and Mary Roche (Roche) independently presumed and asserted that Gerdes is guilty of the unsubstantiated crime-accusation. These defendants have also imposed punishments and restrictions based upon their presumption of guilt.

28. When Gerdes arrived at Newton Correctional Facility (NCF), defendant Andrews was the "Treatment Director" at NCF. Andrews made a subjective determination that the allegation made against Gerdes while he was on parole was factual. Andrews reasoned that if Gerdes was innocent, Gerdes would have "just said so" instead of stating that there were "cameras" contradicting the criminal allegation and stating that he was not charged with a crime. (see *Plaintiff's Affidavit in Support of Complaint*; ¶3).

29. As a result of his baseless determinations, Andrews imposed various punishments, restrictions, and treatment requirements upon Gerdes, including but not limited to the prohibition of all contact between Gerdes and his minor

son (which included a complete prohibition on pictures, visitation, phone calls, and more), and a requirement to complete Sex Offender Treatment Program (SOTP) before being eligible for parole (and which has since caused Gerdes to be denied parole multiple times since he has yet to be offered SOTP). Gerdes was informed that this was a formal "classification" decision, and if he wanted to appeal the decision, he would have to file a classification appeal in accordance with IDOC policy IS-CL-02, as well as contact defendant Roche.

30. Gerdes contacted Roche who, on or about June 09, 2021, inferred that Gerdes was "guilty" of the unsubstantiated allegation, and asserted that contact with his minor son would not be allowed except for written letters. At the time, Gerdes minor son was an infant, not even a year old, and Roche acknowledged that this would not be a meaningful form of contact, but no other forms of contact would be allowed or considered at that time.

31. Around August of 2022 the Iowa District Court for Woodbury County entered a decree within a dissolution of marriage action granting Gerdes joint legal custody and liberal visitation rights with regard to his minor son. As part of the decree, it was also set out that Gerdes was to have contact with his minor

son, and must have phone contact at a minimum of three (3) times per week while he was incarcerated.

32. Due to this, Gerdes contacted defendant Hobbs requesting a classification review of the defendant's denial of contact between Gerdes and his minor son, due to circumstances having changed.

33. On December 14, 2022 a classification was held determining that Gerdes would be allowed phone contact with his minor son, but any other forms of contact such as pictures and visitation would not be allowed. Present at this hearing were defendants Larry Lipscomb, Christopher Hobbs, Danielle Golden, and John Mays.

34. Danielle Golden stated in a message to Gerdes that there was no reason given or put forth to continue with denying visitation and pictures between Gerdes and his minor son.

35. Defendants Lipscomb, Hobbs, and Mays would not give a reason, even when continuously requested by Gerdes through messages. These defendants chose to ignore and skirt around Gerdes' request for a legitimate reason for the denial, and the defendants could not provide one.

36. Anderson held a hearing on the matters of whether Gerdes could legally be required to complete SOTP, since Gerdes has already successfully completed SOTP in 2019. In making this determination, Anderson explicitly asserted, without having the authority to do so and without any supporting evidence, that he was making a finding that Gerdes committed the unsubstantiated alleged crime he was accused of while on parole in 2020. The reasoning provided by Anderson was based upon Anderson's own improper determination of credibility founded solely upon his reviewing of an unsubstantiated investigative report. Specifically, Anderson illogically determined that the accuser, named Juliette Greuniesen (Greuniesen), had no motivation to fabricate an accusation against Gerdes, and because Gerdes could not, at that time, prove to Anderson why such statements were made, Gerdes was held to be "guilty" by Anderson.

37. Due to the defendants' continued assertions that Gerdes is guilty of the unsubstantiated allegation, and their subsequent restrictions and requirements imposed based on their baseless assertions of guilt, Gerdes was left with no other option than to bring a civil action for defamation per se against Greuniesen in order to legally establish the falsity of the crime-accusation.

38. Gerdes filed suit against Greuniesen in the Iowa District Court for Woodbury County in case number LACV204305. Gerdes received notice from NCF on December 15, 2022 that Greuniesen attempted to send written correspondence to Gerdes, but the correspondence was denied due to it being sent to the wrong mailing address. (see *Plaintiff's Affidavit in Support of Complaint*; ¶9).

39. In response to getting a notice that Greuniesen's correspondence was being denied, Gerdes prepared the filings that had been already been made in case number LACV204305 and a letter providing Greuniesen with the proper mailing address for Gerdes, a short synapsis of what was occurring in regard to the litigation, and an offer of settlement. Gerdes placed this letter, addressed directly to Greuniesen, in the institutional mailbox at NCF on December 18, 2022.

40. The defendants intercepted this letter before it was sent, and for thirty-eight (38) days withheld the outgoing letter without notifying Gerdes.

41. On or about January 23, 2023 Gerdes was served a disciplinary notice written by defendant Hobbs alleging that Gerdes had committed a major rule infraction. Specifically, Hobbs asserted that Greuniesen is a "victim" of

Gerdes, and by Gerdes attempting to send a letter to Greuniesen, Gerdes violated IDOC policy by contacting a "victim".

42. On January 24, 2023 Gerdes spoke with defendant Higgins regarding the written disciplinary notice. Gerdes explained that the allegations made by Greuniesen are false and unsubstantiated, and that Gerdes had filed a lawsuit against Greuniesen and therefore must have communication with her since neither party is represented by an attorney. (see *Plaintiff's Affidavit in Support of Complaint*, ¶4).

43. Higgins asserted that Gerdes is "narrow-minded" and does not know what he is talking about. Higgins instructed Gerdes that he could not communicate directly with Greuniesen, and asserted that Gerdes "cannot sue a victim". Higgins further stated that if Gerdes chose to proceed his lawsuit, then Gerdes must further his lawsuit wholly "through the courts" in an *ex parte* manner. (see *Plaintiff's Affidavit in Support of Complaint*, ¶4).

44. Higgins further asserted during this conversation with Gerdes that he and the other defendants, were "going off the police report" in determining that Gerdes committed the unsubstantiated allegation. (see *Plaintiff's Affidavit in Support of Complaint*, ¶4).

45. Due to timeframe concerns and being instructed by defendant Higgins to not contact Greuniesen, and to improperly attempt to further his lawsuit in an ex parte manner, Gerdes sent an electronic message to defendant Howard on or about January 24, 2023.

46. On January 30, 2023, defendant Anderson held a hearing on the matter of the disciplinary report and determined that Gerdes and Greuniesen were in-fact involved in ongoing litigation in which they were opposing parties, proceeding pro se, and would need to communicate with each other regarding that litigation.

47. Anderson further determined that Greuniesen is *not* a victim of any past or current offense of Gerdes, and therefore is not automatically a "victim" as defined in the IDOC mail policy. Anderson went on to determine that, despite Greuniesen not being a victim of any past or current offense of Gerdes, the defendants may still classify Greuniesen as a prohibited party and prohibit general, personal contact between Gerdes and Greuniesen, but the defendants must explicitly do so by way of a formal classification before a disciplinary notice alleging a major rule infraction can be written against Gerdes, and the prohibition cannot include restrictions relating to legitimate legal matters.

48. Anderson even further recommended that the other defendants screen any mail sent by Gerdes to Greuniesen for legal purposes, and indicated that Gerdes must have each correspondence sent to Greuniesen for the purpose of their lawsuit approved by a unit manager or case manager.

49. Gerdes then attempted to seek clarification and approval to send a letter, and was told by defendant Higgins that he cannot send that specific letter because Gerdes was giving Greuniesen "ultimatums" and "threatening" her by stating that if Greuniesen does not agree to a settlement then Gerdes would proceed with his lawsuit.

50. On January 30, 2023, after Anderson made his decision regarding the disciplinary report, defendant Howard responded to Gerdes' electronic message and asserted that Greuniesen is Gerdes' "victim".

51. Gerdes responded to Howard, indicating that Howard's response contradicts what Anderson had determined. Howard then responded and stated that Gerdes needed to review what the definition of a "victim" is, indicating that, despite Anderson's findings, Howard is considering Greuniesen a victim and is still not allowing communication between Gerdes and Greuniesen.

52. Gerdes' family then reached out to IDOC Central Office with a complaint. Around February of 2023, Executive Officer Arianna DenHartog responded via email and asserted that Gerdes is not to have any contact with Greuniesen, including for legal purposes.

53. Gerdes then filed grievances with the IDOC at NCF relating to these matters, and on February 08, 2023 grievance responses were returned to Gerdes.

54. On February 09, 2023 correctional security officers searched Gerdes' cell. After searching Gerdes' cell, a correctional officer called Gerdes to the unit post and made comments suggesting that Gerdes either be prepared for more cell searches and more stringent supervision from NCF staff, or refrain from filing grievances.

55. On February 14, 2023 Gerdes spoke with defendant Jeremy Larsen (Larsen). During this conversation, Larsen asserted that (1) Gerdes is guilty of the unproven 2020 crime-accusation, (2) Gerdes would be required to assert absolute guilt for the accusation in order to successfully complete SOTP, and (3) Gerdes would continue to be denied contact with his minor son.

## VI.    CAUSES OF ACTION

### A. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; THE DEFENDANTS HAVE VIOLATED THE FOURTEENTH AMENDMENT DUE PROCESS RIGHTS OF THE PLAINTIFF AND THE PLAINTIFF'S SIXTH AMENDMENT RIGHT TO TRIAL.

56. Gerdes repleads the preceding paragraphs as if fully set forth herein.

57. The defendants have asserted that Gerdes is guilty of a crime that he never faced criminal prosecution for. In-fact, the allegations were never legally substantiated. Therefore, Gerdes is legally presumed innocent, and the state of Iowa has no government interest in punishing people who are innocent.

58. Criminal accusations made by governments are handled through the judicial branch, including within the state of Iowa (*See generally* Iowa Constitution Article III, section 1). The defendants, as members of the executive branch of the Iowa government, do not have the power to assert guilt for unprosecuted allegations of public offenses and subsequently impose punishments for that assertion. This not only interferes with the separation of functions concept, but it also strips Gerdes of the due process protections provided to persons being accused of criminal acts.

59. The defendants are violating Gerdes' procedural *and* substantive due process rights guaranteed under the United States Constitution by circumventing the judicial criminal process for determining whether Gerdes has committed a public offense.

60. The plaintiff has a Sixth Amendment right to a jury trial before he can be held guilty by state officials of any allege public offenses. The defendants violate this by asserting that Gerdes is guilty of a crime-accusation without Gerdes being afforded a jury trial.

61. The Constitutional violation alleged herein is clearly established by Federal law.

62. Gerdes has exhausted all available administrative remedies at his disposal for this claim.

**B. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; FIRST AMENDMENT VIOLATIONS: DENIAL OF ACCESS TO THE COURTS, VIOLATION OF FREEDOM OF SPEECH, AND RETALIATION: (1) THE DEFENDANTS HAVE VIOLATED THE PLAINTIFF'S RIGHT TO BE FREE FROM INTERFERENCE WITH COURT ACCESS, (2) THE DEFENDANTS ARE UNCONSTITUTIONALLY CENSORING PROTECTED CONTENT-BASED SPEECH INVOLVING ACTIVE LITIGATION, AND (3) THE DEFENDANTS HAVE VIOLATED THE PLAINTIFF'S RIGHT TO BE FREE FROM RETALIATION FOR USING THE COURT SYSTEM.**

63. Gerdes repleads the preceding paragraphs as if fully set forth herein.

64. Under the United States Constitution and common law, Gerdes has a protected right to meaningful access to the courts.

65. The defendants have violated Gerdes' right of access to the courts through interference by prohibiting him from having direct communication with the opposing party in an active civil lawsuit in the Iowa District Court. (*See* ¶37, 45, and 46 of this complaint).

66. The defendants have violated Gerdes' right of access to the courts through retaliation by (1) imposing punishments upon Gerdes for pursing a civil action against Greuniesen (*See* ¶35 of this complaint), (2) telling Gerdes that he "cannot" proceed in suing Greuniesen (*See* ¶37, 45, and 46 of this complaint), and (3) subjecting Gerdes to retaliatory cell-searches (*See* ¶48 of this complaint). These actions were brought upon by the defendants after Gerdes exercised a protected activity, and there is a causal connection between the defendants' actions and Gerdes' protected activity, in that the defendants' adverse action was, at least in part, motivated by Gerdes exercising the protected activity of accessing the courts.

67. The defendants are unconstitutionally censoring content-based speech within correspondence between Gerdes and Greuniesen that are legal in nature. Specifically, by defendant Anderson recommending that staff at NCF screen and approve the legal-in-nature correspondence sent from Gerdes to Greuniesen, and then Higgins denying a letter based on the content of the letter (*See* ¶43 of this complaint), the defendants are violating Gerdes First Amendment right to free speech.

68. The Constitutional violation alleged herein is clearly established by Federal law.

69. Gerdes has exhausted all available administrative remedies at his disposal for this claim.

## C. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; THE DEFENDANTS HAVE VIOLATED THE FIRST AMENDMENT RIGHTS OF THE PLAINTIFF *AND* THE PLAINTIFF'S MINOR SON, W.G.

70. Gerdes repleads the preceding paragraphs as if fully set forth herein.

71. Based on the defendants' improper assertion of guilt, the defendant's imposed a prohibition of contact between Gerdes and his minor son, W.G.

72. Gerdes has joint legal custody and liberal visitation rights with his minor son, W.G.

73. Gerdes made the above-named defendants aware that (1) he has legal custody and visitation rights with his minor child, (2) that Gerdes has never harmed W.G., (3) Gerdes has a Constitutional right to maintain contact with W.G., (4) W.G. has a Constitutional right to maintain contact with Gerdes, and (5) that the defendants are infringing upon those rights by broadly prohibiting all forms of contact.

74. The mother of W.G., family of W.G. and Gerdes, a social worker within the state of Iowa, the Iowa District Court for Woodbury County, and others support contact between W.G. and Gerdes.

75. Gerdes and his minor son both have separate First Amendment rights to maintain a parent-child relationship that survives the incarceration of the parent. The defendants cannot infringe upon this right without a legitimate penological purpose.

76. There is no legitimate penological interest in prohibiting contact between Gerdes and W.G., and the defendants have not provided any legitimate reasoning for denying contact between Gerdes and his minor son.

77. The defendants' actions shock the conscience.

78. The Constitutional violation alleged herein is clearly established by Federal law.

79. Gerdes has exhausted all available administrative remedies at his disposal for this claim:

    **a.** A classification was held on 12/14/2022.

    **b.** An appeal was filed to the Warden in accordance with NCF procedure.

    **c.** An appeal response was given on 12/27/2022.

    **d.** Per IDOC policy IS-CL-02, no further appeal outside of the institution is allowed, and classification decisions are not grievable.

## VII.    OTHER INFORMATION

80. Gerdes has exhausted all available administrative remedies available to him.

81. Gerdes does not have any pending or past lawsuits that would preclude him from proceeding herein under the "three strikes rule".

82. There are no other pending actions involving the claims raised herein this action. Similar facts and claims were raised in a petition for judicial review in Iowa District Court for Polk County case number CVCV064413, however,

that matter was voluntarily dismissed before reaching the merits. Therefore, this Court may properly obtain jurisdiction of the claims raised herein this complaint.

## VIII.   RELIEF REQUESTED

83. Gerdes requests declaratory relief stating:

(1) The defendants have violated the substantive due process rights of Gerdes by holding him guilty for an un-prosecuted/un-convicted criminal accusation and punishing him without the due process of law based upon that inappropriate presumption of guilt.

(2) The defendants violated Gerdes' First Amendment Constitutional rights with regard to constructively prohibiting contact between Gerdes and his minor child, W.G.

(3) The defendants violated W.G.'s First Amendment Constitutional rights with regard to prohibiting contact between W.G. and his father, Gerdes.

(4) The defendants violated Gerdes' Constitutional rights by interfering with Iowa District Court for Woodbury County case number LACV204305 by prohibiting communication between the opposing parties.

(5) The defendants violated Gerdes' Constitutional rights by retaliating against him for accessing the court.

84. Gerdes requests immediate and permanent injunctive relief against defendants Kristian Anderson, Craig Andrews, Christopher Hobbs, Dale Higgins, Shawn Howard, Beth Skinner, William Sperfslage, Jeremy Larsen, and Mary Roche, in their official capacities, ordering them to *CEASE* and *DESIST* asserting that Gerdes is guilty of committing unsubstantiated crimes and *CEASE* and *DESIST* punishing him based on those unsubstantiated assertions.

85. Gerdes requests immediate temporary and permanent injunctive relief allowing all forms of contact between himself and his minor child, W.G., that is ordinarily allowable between prisoners and those outside of prison. This includes, but is not limited to, in-person visitation, video-visitation, receiving photographs, telephone calls, letters, and o-mail (electronic messaging).

86. Gerdes requests actual, compensatory, nominal, punitive, and any other form of monetary relief allowable by law against defendants Kristian Anderson, Craig Andrews, Christopher Hobbs, Dale Higgins, Shawn Howard, Jeremy Larsen, and Mary Roche, in their individual capacities, for violating the First Amendment Constitutional rights of Gerdes *and* W.G.

87. Gerdes requests actual, compensatory, nominal, punitive, and any other form of monetary relief allowable by law against defendants Christopher Hobbs, Dale Higgins, and Shawn Howard, in their individual capacities, for violating Gerdes' Constitutional right to have meaningful access to the courts, without retaliation.

88. Gerdes requests a written letter of apology acknowledging their wrongdoings from defendants Christopher Hobbs, Dale Higgins, Shawn Howard, Larry Lipscomb, Mary Roche, Craig Andrews, Kristin Anderson, Arianna DenHartog, John Mays, Jeremy Larsen, and Danielle Golden. This relief is requested as the defendants are authoritative figures, and it would promote pro-social behavior on behalf of those who are supposed to be role-modeling.

89. Gerdes requests that this Court grant any other relief it deems necessary and appropriate to resolve the matters raised in this complaint.

## IX.  JURY DEMAND

**COMES NOW** the plaintiff, Drew Wilshire-Gerdes, who demands a trial by jury on all matters herein this complaint.

# X.   VERIFICATION

In accordance with Federal Rules of Civil Procedure, I, Drew Wilshire-Gerdes,

certify to the best of my knowledge, information, and belief that this complaint: (1)

is not being processed for an improper purpose, such as to harass, cause unnecessary

delay, or needlessly increase the cost of litigation; (2) is supported by existing law;

(3) contains factual contentions having evidentiary support; (4) is true and correct

(5) and otherwise complies with Rule 11.


Drew Wilshire-Gerdes                    03/07/2023
307 S. 60th Avenue W.                   Date
P.O. Box 218
Newton, Iowa 50208

Clerk of Court
U.S. District Court for the
Southern District of Iowa



MAR 1 0 2023

**CLERK U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

For your convenience, I wanted to set out exactly what is enclosed within this envelope. I am currently incarcerated and must file documents in paper. Please find the following documents enclosed:

- *Complaint & Jury Demand*
- *Plaintiff's Affidavit in Support of Complaint*
- *Plaintiff's Motion to Proceed In Forma Pauperis* (w/supporting documents)
- *Plaintiff's Motion for Appointment of Counsel*
- *Plaintiff's Affidavit in Support of Motion for Appointed-Counsel*
- *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction*
- *Plaintiff's Affidavit in Support of his Motion for T.R.O. & Preliminary Injunction*
- *Plaintiff's Memorandum Supporting Motion for T.R.O. & Preliminary Injunction*
- (Proposed Order) *Order to Show Cause and Temporary Restraining Order*
- 13 *Summons* (one for each of the defendants)

Please inform me at your earliest convenience if anything else is needed from me by your office. Thank you in advance.

Respectfully,

Drew Wilshire-Gerdes
307 S. 60th Avenue W.
P.O. Box 218
Newton, Iowa 50208

drewgerdes
6349373

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA – CENTRAL DIVISION

| | |
|---|---|
| DREW WILSHIRE-GERDES,<br>    (Plaintiff),<br><br>v.<br><br>KRISTIAN ANDERSON, CRAIG ANDREWS, CHRISTOPHER HOBBS, DALE HIGGINS, SHAWN HOWARD, MARY ROCHE, JEREMY LARSEN, ARIANNA DENHARTOG, JOHN MAYS, LARRY LIPSCOMB, and DANIELLE GOLDEN, in their individual and official capacities; and WILLIAM SPERFSLAGE, and BETH SKINNER, in their official capacities,<br>    (Defendants). | Case no. _____<br><br><br>**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF COMPLAINT**<br><br><br>**RECEIVED**<br>MAR 1 0 2023<br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA |

**COMES NOW** Drew Wilshire-Gerdes who states the following:

1. I was falsely accused of a criminal act by Juliette Greuniesen while I was on parole in 2020. The allegation did not lead to any criminal charges or convictions.

2. The unsubstantiated allegation was used to revoke my parole.

3. In reference to paragraph "28" of the attached complaint, I had a conversation with Craig Andrews (Andrews) in which Andrews told me that he believes I am guilty of the unsubstantiated allegation simply because I gave specific

1

reasons for why I am innocent of the unproven allegations made against me. Andrews stated that if I was innocent, I would have simply "just said so", instead of telling him that there were "cameras" that prove I did not commit the crime I was accused, and not convicted, of.

4. On January 24, 2023 I spoke with defendant Dale Higgins who asserted that I am guilty of the accusation based upon the filing of a police report, that I am not to have direct contact with Greuniesen, that I "cannot sue a victim", that I am to only have *ex parte* communication with the court in regard to my lawsuit involving Greuniesen, and that I am "narrow-minded" and do not know what I am talking about or doing with regard to pursing my legal matters.

5. On February 14, 2023 I had a conversation with defendant Jeremy Larsen. During this conversation, Larsen asserted that I am guilty of the 2020 allegations, that I would have to admit to committing the unprosecuted crime if I wanted to complete SOTP, and that because of the unsubstantiated accusation made against me, I would not be allowed to have contact with my son.

6. Dale Higgins, Christopher Hobbs, and Craig Andrews have all explicitly told me that they are basing their assertion of my guilt upon the fact that a police

2

report was filed, despite the report not being substantiated or leading to the filing of any criminal charges. All of the other defendants have similarly asserted that I am guilty of the unsubstantiated allegation.

7. As a result of the defendants making an improper determination of my guilt, I have been prohibited contact with my son, W.G.

8. Mary Roche asserted that she would not allow contact between my son and I based upon the unproven allegations. All of the other defendants have made similar statements and assertions.

9. In reference to paragraph "38" in the attached complaint, the Iowa Department of Corrections has recently implemented a new mail-processing procedure in which all mail coming from a non-legal source (not an attorney, court, judicial officer, etcetera) must be sent to a mailing address different to where I am physically located. Greuniesen mailed her correspondence directly to my physical location, not the proper mailing address.

10. Executive Officer Arianna DenHartog stated in an email that I am not to have contact with Greuniesen, even for legal matters, and if I want to proceed with my lawsuit then I would need to hire an attorney.

11. On February 08, 2023 I received responses from grievances I had filed with NCF. On February 09, 2023 my cell was searched by correctional officers. After the search, an officer explicitly told me that I should stop filing grievances if I did not want to be subjected to more scrutiny by staff.

12. I have joint legal custody and liberal visitation rights with regard to my minor son, W.G.

13. I make genuine efforts to be in my son's life, and when I am home I will be very involved as a parent. To continue to deny contact between my son and I while I am incarcerated will not simply harm me, but will be traumatic to my son's emotional and mental well-being when I come home.

14. I successfully completed SOTP in 2019.

*I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.*

Drew Wilshire-Gerdes                    03/07/2023
307 S. 60th Avenue W.                   Date
P.O. Box 218
Newton, Iowa 50208

4

Drew Wilshire-Gerdes
# 6349373
307 S. 60th Avenue W.
P.O. Box 218
Newton, IA 50208

US POSTAGE PITNEY
ZIP 50208 $009.3
02 4M
0000386156 MAR 08

Clerk of Court
U.S. District Court –
Southern District of Iowa
123 East Walnut Street
Room 300
Des Moines, IA 50309

*X-RAYED & CLEARED BY U.S.

LEGAL